UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Cynthia Visajel,
individually and on behalf of all others
similarly situated,

      Plaintiff,

v.

Natera, Inc.

      Defendant

Civ. A. No. 3:22-CV-30031

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Cynthia Visajel ("Plaintiff" or "Visajel") brings this action individually and on behalf of all other similarly situated persons against Natera, Inc. ("Defendant" or "Natera"), upon information and belief, except as to her own actions, the investigation of her counsel, and facts that are a matter of public record, as follows:

## OVERVIEW

1. Through this action, the Plaintiff, on behalf of herself and all other similarly situated so-called Patient Coordinators ("Class Members"), seeks to recover damages arising from the Defendant's misclassification of them as overtime exempt in violation of the Fair Labor Standards Act (29 U.S.C. §§ 201, *et seq.*).

2. For violations of the FLSA, Plaintiff and the putative Class Members seek to recover all unpaid overtime wages, liquidated damages, attorney's fees and costs, and any other relief permitted by law.

3. On an individual basis, Plaintiff seeks to recover damages arising from Defendant's misclassification of her as overtime exempt in violation of the Massachusetts Overtime Act, G.L. c. 151, §1A.

4. For violation of the Massachusetts Overtime Act, Plaintiff seeks to recover all unpaid overtime wages, treble damages, attorney's fees and costs, prejudgment interest, and any other relief permitted by law.

## THE PLAINTIFF

5. Plaintiff Visajel is a resident of East Boston, Massachusetts and was employed by the Defendants out of her residence in East Boston, Massachusetts.

## THE DEFENDANT

6. Defendant Natera is a foreign corporation with a principal place of business located in Austin, Texas. It is registered with the Secretary of the Commonwealth of Massachusetts and has conducted business within the Commonwealth of Massachusetts at all times relevant hereto.

## FACTUAL ALLEGATIONS

7. According to its website, Natera is the global leader in cell-free DNA (cfDNA) testing, dedicated to oncology, women's health, and organ health.

8. Natera partners with hospitals and doctor's offices in the fields of oncology, women's health and organ health who, when determined necessary, recommend Natera testing to their patients.

9. Within each of Natera's three divisions (oncology, women's health and organ health), Natera employs so-called Patient Coordinators.

10. Natera Patient Coordinators work remotely from their homes.

11. Natera's Patient Coordinators are employed on a salary basis with the right to earn additional commissions.

12. For example, the Plaintiff began her employment as a Natera Patient Coordinator on or about January 31, 2022, with a base salary of $57,000 per year and right to earn an additional $25,000 in total annual commissions.

13. Natera's Patient Coordinators' primary job responsibilities are non-exempt in nature.

14. More specifically, Patient Coordinators primary job responsibilities are comprised of: confirming patient addresses and insurance, answering patient questions about Natera tests as trained and instructed by Natera, submitting internal requests for the shipping of Natera test kits, advising patients of dates and times when they can schedule a mobile phlebotomy appointment, submitting the patient's order for a mobile phlebotomy appointment, and checking the status of mobile phlebotomy orders.

15. A *de minimis* portion of Patient Coordinator time is devoted to tasks that could be describe as sales in nature, as the overwhelming majority of patients who are ordering a Natera testing and speaking with Patient Coordinators are doing so on the recommendation of their doctor.

16. Patient Coordinators are generally expected to and regularly work over 40 hours per week.

17. The Plaintiff has worked multiple weeks over 40 hours over the course of her employment as a Patient Coordinator (although likely not as frequently as most Patient Coordinators due to medical issues she has experienced during the course of her employment).

18. Natera does not pay Patient Coordinators overtime compensation for workweeks over 40 hours.

## COLLECTIVE ACTION ALLEGATIONS

19. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings unpaid overtime claims under the FLSA on behalf of all similarly situated individuals (i.e., all Natera Patient Coordinators who worked for Natera within the relevant statutory period) who chose to "opt-in" to this action.

20. The claim meets the requirements for collective action certification under the FLSA.

21. All potential opt-in plaintiffs are similarly situated, as the primary job responsibilities and terms and conditions of the Patient Coordinator position is substantially uniform and Natera's practice of classifying all Patient Coordinators as overtime exempt is applicable to all Patient Coordinators.

## COUNT 1
### Violation of the Fair Labor Standards Act (On behalf of the Collective)

22. Plaintiff re-alleges and incorporates by reference ¶¶ 1-21 as if fully set forth herein.

23. By its conduct as set forth herein, the Defendant has knowingly violated the Fair Labor Standards Act.

24. The Defendant is liable for the full amount of the Plaintiff's and Class Member's unpaid wages, liquidated damages, reasonable attorney's fees and expenses.

## COUNT 2
### Violation of M.G.L. c. 151, § 1A (On behalf of Plaintiff only)

25. Plaintiff re-alleges and incorporates by reference ¶¶ 1-24 above as if fully set forth herein.

26. By its conduct as set forth herein, the Defendant has violated M.G.L. c. 151, § 1A.

27. The Defendant is liable for the full amount of the Plaintiff's unpaid wages, treble damages, plus interest, reasonable attorney's fees and expenses.

**WHEREFORE**, the Plaintiff, on behalf of herself and all others similarly situated, pray for judgment against the Defendant as follows:

A. An order certifying this case as a collective action and appointing the Plaintiff and her counsel to represent the Class Members;

B. A judgment and order awarding Plaintiff and Class Members their unpaid wages;

C. A judgment and order requiring a certified, independent accounting at Defendant's expense of all payroll and financial records in the possession of the Defendant, and/or the appointment of a Master or Receiver to determine the correct compensation owed to the Plaintiff and Class Members;

D. A judgment and order requiring the Defendant to pay the Plaintiff and Class Members all statutorily mandated treble and/or liquidated damages;

E. A judgment and order requiring Defendant to pay the Plaintiff's and Class Members' reasonable attorney's fees and the costs of this action;

F. A judgment and order requiring the Defendant to pay all legal interest permissible; and

G. Such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action so triable.

Plaintiff, Cynthia Visajel,
individually & on behalf of
all others similarly situated

By her attorney,

/s/ Adam J. Shafran_____
Adam J. Shafran, BBO#670460
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109
617-723-7700
617-227-0313 (fax)