UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Cynthia Visajel,<br>individually and on behalf of all others<br>similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>Natera, Inc.,<br><br>      Defendant | Civ. A. No. 1:23-cv-11051-IT |

**<u>ORDER APPROVING SETTLEMENT, SERVICE AWARD, AND ATTORNEYS' FEES
AND AUTHORIZING NOTICE</u>**

The above-captioned matter came before this Court on Plaintiff's Motion for Approval of Settlement, Service Award, and Attorneys' Fees and Costs ("Motion for Settlement Approval"). After reviewing the Motion for Settlement Approval, the supporting Memorandum of Law in support of the Motion for Settlement Approval ("the Memorandum"), and the Affidavit of Adam J. Shafran ("Shafran Aff.") and supporting exhibits, the Court hereby finds as follows:

1. The Court approves and incorporates by reference all of the definitions contained in the parties' Settlement Agreement.

2. The Court hereby approves the $1,300,000.00 settlement.

3. Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes. Here, the settlement meets the standard for approval. The settlement was the result of contested litigation and arm's-length negotiations. Recognizing the uncertain legal and factual issues involved, the parties reached their settlement after attending private mediation before an experienced mediator.

1

4.       The Settlement Notice and Claim Form attached to the Settlement Agreement is approved, as revised by the parties and approved by the Court. The revised Settlement Notice sufficiently informs Eligible Settlement Class Members of the terms of the settlement, including the allocation formula, how Class Members may participate (or not participate), the estimate amount to which they are entitled, the scope of the release, and the request for attorneys' fees and costs.

5.       The plan for sending the Settlement Notice as proposed by the Plaintiff is approved.

6.       A Service Award of $15,000 to the Named Plaintiff is approved. The amount shall be paid from the Gross Settlement Amount. In examining the reasonableness of a requested service award, courts consider: (1) the actions the plaintiffs have taken to protect the interests of the class, (2) the degree to which the class has benefits from those action, and (3) the amount of time and effort the plaintiffs expended in pursuing the litigation. For the reasons set forth in the Motion for Settlement Approval, all of these factors as satisfied here.

7.       The Court approves Plaintiff's request to name Optime Administration, LLC as the Settlement Administrator and approves the Settlement Administrator's fees and costs in the amount of $6,310.00.

8.       The Court has determined that Plaintiff's Counsel's is entitled to reasonable fees (up to one-third of the settlement amount) plus reimbursement for actual out-of-pocket expenses but has reserved its ruling as to the specific amount to be awarded until after the close of the Claim Period. Following the close of the Claim Period, Plaintiff's Counsel shall submit a motion for approval of fees and out-of-pocket expenses.

9.       Following the Court's ruling on Plaintiff's Counsel's motion for approval of fees and out-of-pocket expenses, claims of the Named Plaintiffs and the Opt-In Plaintiffs shall be

dismissed without prejudice, which will become dismissal with prejudice 180 days thereafter provided all of the payments called for in the Settlement Agreement are made. During the period of time in which the dismissal is without prejudice, Plaintiff may file a motion for leave to reinstate should the Defendant fail to make all of the payments called for in the Settlement Agreement.

  10. The parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

  It is so ORDERED this 1st day of December, 2023.

                /s/ Indira Talwani
                United States District Judge