UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Cynthia Visajel,
individually and on behalf of all others
similarly situated,

    Plaintiff,

v.

Natera, Inc.

    Defendant

Civ. A. No. 1:23-cv-11051-IT

### PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF HER ASSENTED-TO MOTION FOR APPROVAL OF ATTORNEYS' FEES AND OUT-OF-POCKET EXPENSES

On December 1, 2023, this Court entered an Order approving: (1) the parties' $1,300,000.00 settlement of this matter; (2) the Settlement Notice and Claim Form ("Settlement Notice") to be mailed to Eligible Settlement Class Members (with minor edits) and the plan for sending the Settlement Notice; (3) the service award to the named-plaintiff; and (4) Optime Administration, LLC as the Settlement Administrator and its fees and costs in the amount of $6,310. ECF No. 27 ("Approval Order"). The Court's Approval Order further "determined that Plaintiff's Counsel is entitled to reasonable fees (up to one-third of the settlement amount) plus reimbursement for actual out-of-pocket expenses but . . . reserved its ruling as to the specific amount to be awarded until after the close of the Claim Period." *Id*.

On February 21, 2024, after the close of the Claim Period, Plaintiff submitted her assented-to motion for attorney fees and out-of-pocket expenses. ECF No. 28 ("Fee Motion"). In the Fee Motion, Plaintiff represented that approximately 90% of the Net Settlement Fund had been claimed

by Eligible Settlement Class Members. It recently came to the parties' attention that the Settlement Administrator inadvertently omitted one claim form that was timely submitted by an Eligible Settlement Class Member. The parties have agreed that this individual is a valid Participating Settlement Class Member, and the Defendant has taken steps to make a supplemental payment to the Settlement Administrator. Upon receipt, the Settlement Administrator is prepared to promptly disburse the settlement payment to this individual.[1] After accounting for the inclusion of this one inadvertently omitted Participating Class Member, the percentage of the Net Settlement Fund claimed by Eligible Settlement Class Members has increased to 91.23%. For the reasons set forth in Plaintiff's pending Fee Motion, Plaintiff contends that this robust claims rate speaks to the overall strength of the settlement and further supports Plaintiff's pending Fee Motion.

## CONCLUSION

Based on the foregoing, the Plaintiff respectfully requests that Plaintiff's pending Fee Motion is allowed. A proposed order approving Plaintiff's counsel's attorneys' fees and out-of-pocket expenses is attached to the Fee Motion as Exhibit B. *See* ECF No. 28 at Exhibit B.

---

[1] As of the date of this filing, all other Participating Settlement Class Members have received their settlement payment.

Respectfully submitted,

Plaintiff, Cynthia Visajel,
individually & on behalf of
all others similarly situated

By her attorney,

/s/ Adam J. Shafran_____
Adam J. Shafran, BBO#670460
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109
617-723-7700
617-227-0313 (fax)

## RULE 7.1 CERTIFICATION

I, Adam J. Shafran, hereby certify that counsel for the Plaintiff conferred with Defendant's counsel, and Defendant assents to this filing.

*/s/ Adam J. Shafran*
Adam J. Shafran

## CERTIFICATE OF SERVICE

I, Adam J. Shafran, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic filing (NEF) on April 5, 2024

*/s/ Adam J. Shafran*
Adam J. Shafran